**2008 BNH 003**     Note:   This is an unreported opinion.  Refer to LBR 1050-1 regarding citation.
_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | Bk. No. 06-10928-JMD |
| | Chapter 13 |
| Brian Come, | |
|     Debtor | |
| | |
| Brian Come, | |
|     Plaintiff | |
| | |
| v. | Adv. No. 07-1084-JMD |
| | |
| Route 4 Motors, Inc., | |
|     Defendant | |

*Brian Come*
*Pro Se*

*Peter G. Callaghan, Esq.*
*John M. Sullivan, Esq.*
*Preti Flaherty Beliveau & Pachios, PLLP*
*Concord, New Hampshire*
*Attorney for Defendant*

## MEMORANDUM OPINION

### I.  INTRODUCTION

Brian Come (the "Debtor") commenced this adversary proceeding seeking actual and punitive damages against Route 4 Motors, Inc. (the "Defendant") due to an alleged willful violation of the automatic stay under 11 U.S.C. § 362(a) in connection with the repossession of the Debtor's truck.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

**II. FACTS**

The Debtor filed a voluntary petition under chapter 13 of the Bankruptcy Code[1] on August 3, 2006 (the "Petition Date"). On the Petition Date, the Defendant was a secured creditor of the Debtor holding a claim for approximately $2,733.91 secured by a lien on the Debtor's sole motor vehicle, a 1995 Chevrolet S-10 truck (the "Truck"). The Defendant admits that it was aware of the bankruptcy and had been served with some of the pleadings filed in the proceeding. The Court's records reflect that the Defendant was listed as a creditor of the Debtor and was served with the Notice of Chapter 13 Bankruptcy Case (Doc. No. 6) on August 6, 2006. See the Certificate of Service at Doc. No. 9.

On February 16, 2007, Blackhawk Investigations ("Blackhawk"), acting as an agent for the Defendant, repossessed the Truck from the Debtor at his residence at 2:45 p.m. and delivered the Truck to the Defendant. The Defendant authorized the repossession of the Truck because it believed that the bankruptcy case had been dismissed. However, at trial the Defendant admitted that the bankruptcy case had not in fact been dismissed and that it had not obtained stay relief from the provisions of section 362 of the Bankruptcy Code. An employee and former owner of

---

[1] In this opinion the terms "Bankruptcy Code," "section" and "§" refer to title 11 of the United States Code, 11 U.S.C. § 101 et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8.

the Defendant testified that he thought the bankruptcy case had been dismissed because he had not received any payments subsequent to the Petition Date, had not been contacted by the bankruptcy court "for a long time" and had received a document that discussed dismissal of the case. He subsequently identified a copy of a motion to dismiss filed by the chapter 13 trustee on November 27, 2007 (Doc. No. 76) as the document that he relied on to conclude that the bankruptcy case was dismissed. He also testified that he deferred any repossession until after the holidays because in his experience it was more likely that a motor vehicle loan debtor would make arrangements to pay when the stress of the holidays had passed. The complaint was filed on June 18, 2007. Service on the Defendant was completed on June 25, 2007 and the trial was held on May 1, 2008.

     The testimony at trial established that at the time of the repossession two representatives of Blackhawk were at the Debtor's home. The Debtor's children and their mother were on the porch of the home and when they became upset the Debtor asked the mother to go inside with the children. The Debtor was then permitted to remove his personal belongings from the Truck in exchange for the keys, after which a representative of Blackhawk drove the Truck from the Debtor's home. After the repossession, the Debtor went to the Defendant's place of business to deliver various parts which he had previously removed from the Truck in connection with some repairs. A representative of the Defendant testified that neither the Debtor nor his former attorney ever told the Defendant that the automatic stay had been violated and never demanded return of the Truck. He also testified that the first time the Defendant learned that the automatic stay may have been violated was when it was served with a copy of the complaint. Despite admitting that it learned of the possible stay violation on or about June 25, 2007, the

representative testified that as of the time of trial, the Defendant still had possession of the Truck.

The Debtor presented undisputed testimony that the Truck was repossessed in front of his children.  The Debtor presented some evidence that the repossession caused upset, tears and concern to his children and their mother on the day of the repossession because the Truck was the only transportation in the Debtor's home.  The Debtor used the Truck not only in his fire protection business, but also for family errands including shopping, doctor's appointments and transporting the children to sports and other activities.  For a month or more after the repossession, the Debtor and his family were required to obtain rides from family and friends, borrow vehicles and rent vehicles in order to complete necessary household tasks and for the Debtor to continue with his business.  However, the Debtor failed to present any specific evidence of the expense involved in obtaining substitute transportation beyond anecdotal testimony by himself and his children's mother.  No specific evidence of lost business income or medical expenses was presented by the Debtor.

## III. DISCUSSION

Section 362(k)(1) of the Bankruptcy Code provides, with an exception not relevant to the facts of this case, that "an individual injured by a willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."  There is no dispute that the Debtor is an individual and that the automatic stay imposed by section 362 of the Bankruptcy Code was violated when the Truck was repossessed.  The Defendant disputes that the violation was willful

and further argues that even if it was, the Debtor has presented no evidence of any actual damages or emotional distress or humiliation which would warrant punitive damages.

"A willful violation does not require a specific intent to violate the automatic stay. The standard for a willful violation of the automatic stay under [§ 362(k)(1)] is met if there is knowledge of the stay and the defendant intended the actions which constituted the violation." Fleet Mortgage Group, Inc. v. Kaneb (In re Kaneb), 196 F.3d 265, 269 (1st Cir. 1999). In this case it is undisputed that the Defendant had knowledge of the bankruptcy filing, the existence and meaning of the automatic stay, that it intended to repossess the Truck, and that the repossession violated the stay. Accordingly, the Defendant's violation of the automatic stay was willful. The Defendant contends that the violation was not taken with "flagrant or reckless disregard" for its legal obligations and the repossession was authorized in the good faith belief that the bankruptcy case had been terminated. However, the Defendant has cited no authority for such defense and the First Circuit has rejected such arguments. Id. at 268-69.

The Defendant contends that the Debtor presented no evidence of actual damages and that the facts of this case do not warrant punitive damages. The Defendant is correct that the Debtor failed to present evidence of any actual monetary damages by way of expenses for alternative transportation, medical expenses, attorneys' fees or lost business revenue. However, the Debtor did present some evidence of emotional upset to members of his family or household. Although the actual injury may be imprecise, emotional distress is an injury which qualifies as "actual damages" under section 362(k)(1). Id. at 269.

Therefore, the question remaining before the Court relates to the sufficiency of the evidence presented by the Debtor to establish an award of actual or punitive damages. The

mother of the Debtor's children testified that she advised, or attempted to advise, the representatives of Blackhawk that the Truck was protected by a bankruptcy filing.  One of those representatives testified that no such information was given to him.  The mother testified that when the children became upset and were beginning to cry, the Debtor told her to go inside with them.  She complied with his request.  The Debtor testified that he filed bankruptcy to protect two items of property, his home and the Truck.  The loss of the Truck not only threatened the Debtor's ability to operate his fire protection business, it left his family with no transportation that they controlled.  The evidence at trial established that the repossession of the Truck in violation of the automatic stay, during the afternoon, in front of the Debtor's family and with no warning caused upset and distress to the family members.

There was no evidence of emotional distress to the Debtor or his family beyond the immediate aftermath of the repossession of the Truck on February 16, 2007.  Accordingly, any damages for emotional distress would be nominal, at best.  While the Debtor may not have presented evidence of substantial emotional distress, he did present evidence of his own emotional distress from having his children witness the repossession and evidence of indirect emotional damages in the immediate aftermath when the children and their mother needed to go inside the home while the repossession was completed.  The Court finds the emotional damage from the circumstances immediately surrounding the repossession in violation of the stay to be real and established by the evidence.  The Court awards the Debtor $1,000.00 for emotional damages arising from the wrongful repossession of the Truck.

It is undisputed that neither the Debtor nor his former attorney subsequently attempted to recover the Truck from the Defendant or to advise him that the repossession was in violation of

the automatic stay prior to the filing of the complaint in this adversary proceeding.  The Court finds no evidence to support a finding that the Defendant acted in reckless or intentional disregard of the Debtor's rights, or its obligations, under the Bankruptcy Code.  Accordingly, the Court finds that punitive damages are not appropriate on the facts of this case.

**IV.  CONCLUSION**

For the reasons set forth in this opinion, the Court finds that the Defendant has committed a willful violation of the automatic stay under 11 U.S.C. § 362(a) in connection with the repossession of the Truck.  As a result of the Defendant's willful violation the Court awards actual damages in the amount of $1,000.00 for emotional distress but declines to award any punitive damages.

This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court will issue a separate judgment consistent with this opinion.

ENTERED at Manchester, New Hampshire.


Date:   May 8, 2008                             /s/ J. Michael Deasy
                                                J. Michael Deasy
                                                Bankruptcy Judge